Verdell B. **SEXTON, Jr.,** Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15452.

Court of Criminal Appeals of Oklahoma.

March 10, 1971.

Elmore Page, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

Plaintiff in Error, Verdell B. Sexton, Jr., hereinafter referred to as defendant, was tried by a jury in the District Court of Tulsa County, Oklahoma, for the offense of Shooting with Intent to Kill; found Guilty and sentenced to serve five (5) years under the custody and control of the Oklahoma State Department of Corrections. From that judgment and sentence this appeal has been perfected.

The facts briefly stated reveal that on August 27, 1968, defendant accosted his former wife, Virginia L. Sexton, in the parking lot where she worked. After a brief discussion he shot his former wife. When others came to her aid, defendant got into his automobile and fled the scene.

Defendant lived in the home of his father, Mr. Verdell Sexton, Sr. That same evening Officer Jerry Hughes, of the Tulsa Police Department, went to Mr. Sexton's home; and in defendant's absence, retrieved from defendant's father a .38 caliber revolver. The revolver was found in the room occupied by defendant. Mr. Sexton turned the pistol over to Officer Hughes. The police officer did not have a search warrant, but defendant's father testified that he had delivered the revolver to Officer Hughes in cooperation with the police. He stated that at the time he had not been informed of the shooting incident.

Defendant had a preliminary hearing at which he entered a plea of Not Guilty, and was bound over to stand trial, which commenced on February 3, 1969, when a jury was selected. During the course of the trial, but prior to the time the case was submitted to the jury, defendant withdrew his plea of Not Guilty, and entered a plea of Guilty to the charge. Prior to sentencing, defendant requested a pre-sentence report to be rendered by the State Department of Corrections. During the time the pre-sentence report was being prepared, the trial judge permitted the defendant to remain free on bail, conditioned upon his refraining from drinking alcoholic beverages, and the continuance of the psychiatric treatment he was undergoing. Subsequently, defendant's psychiatrist advised the court that defendant was continuing his use of alcoholic beverages. It was also brought to the court's attention that defendant had not maintained contact with the State Department of Corrections, as the court had directed him to do.

When these matters were brought to the attention of the Judge, he entered a bench warrant for defendant's arrest and had him confined in the Tulsa County Jail to await the imposition of judgment and sentence. During this time, as provided for in the Oklahoma Statutes, the court directed that defendant be placed in custody of the Eastern State Hospital at Vinita, Oklahoma, for a period of time not to exceed ninety (90) days for psychiatric evaluation. Later the Superintendent of the Eastern State Hospital reported to the court that defendant was sane according to law; knew the difference between right and wrong at the time the act was committed, and was fully capable of assisting his counsel at his trial.

The record clearly reflects at the time of judgment and sentence, any doubt concerning defendant's condition of sanity that the court might once have had, no longer existed. Therefore, on March 19, 1969, judgment and sentence on defendant's plea of Guilty was imposed, and he was sentenced to serve five (5) years under the custody

and control of the State Department of Corrections.

Defendant's single proposition in his brief asserts: "That the court erred in overruling defendant's motion to withdraw plea of guilty and re-enter a plea of not guilty." We have carefully examined the record before this court in its entirety, and fail to find any reference to defendant's attempt to withdraw his plea of guilty in those records. It is quite clear that defendant withdrew his plea of Not Guilty, and entered, in lieu thereof, his plea of Guilty; however, as previously stated, we are unable to find any effort on defendant's part, to later change that plea. We therefore find that defendant's proposition is without merit.

After carefully reviewing the record before the Court we find it without error and we are of the opinion that the judgment and sentence imposed herein should be affirmed.

It is so ordered.

BUSSEY, P. J., and NIX, J., concur.